UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELLA VANN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3566 |
| | § | |
| MATTRESS FIRM, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion to compel discovery. Dkt. 22. After considering the motion, response, arguments of the parties, and applicable law, the court finds that the motion should be GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiff brought claims against Mattress Firm for age, gender, and race discrimination and for failure to pay overtime compensation. Mattress Firm operates 102 stores in the Houston area. Keith Gullo became plaintiff's District Manager around 2007 or 2008. As District Manager, Gullo was responsible for 14 stores and approximately 30 managers. During plaintiff's employment, District Managers made store assignments and reassignments on a monthly basis. Plaintiff alleges that, beginning with her transfer by Keith Gullo in April 2008, Mattress Firm discriminated against her because of her age, race, and gender by transferring her to lower-performing stores, despite her excellent sales record, and replacing her with lower-performing sales associates outside of her protected class. Plaintiff was discharged from her manager position at Mattress Firm on December 16, 2011.

On April 4, 2013, plaintiff served defendant with the discovery requests at issue in this motion. On May 24, 2013, defendant responded to the discovery requests. Mattress Firm supplemented its responses on October 29, 2013. However, plaintiff brings this motion to compel because she claims that Mattress Firm has not adequately responded to her requests for interrogatories and production and has only lodged boilerplate objections. Mattress Firm maintains that it has produced all relevant, non-privileged documents and supplemented its interrogatory responses to include the name, age, race, and gender of all individuals who replaced plaintiff within 300 days before she filed her EEOC complaint and further provided information regarding plaintiff's store assignments and the reasons for her transfers.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). However, a court may limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006); *Smith v. DeTar Hosp., L.L.C.*, 2011 WL 6217497,

*2 (S.D. Tex. 2011). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *Spiegelberg Mfg., Inc. v. Hancock*, 2007 WL 4258246, *1 (N.D. Tex. 2007); *Gauthier v. Union Pac. R.R. Co.*, 2008 WL 247016, *3 (E.D. Tex. 2008).

### III. ANALYSIS

In order to determine what discovery is relevant to plaintiff's claims, it is important to understand what she is required to prove.  Plaintiff alleges disparate treatment by Mattress Firm based on her age, gender, and race.  Discriminatory or disparate treatment occurs where "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex or national origin. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335–36 n. 15, 97 S. Ct. 1843 (1977).  To make out a prima facie case of discriminatory treatment based on age, race or gender, plaintiff is required to prove: (1) she is within the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced with or treated less favorably than a similarly situated person outside of her protected class. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).  In a disparate treatment case, liability ultimately depends on whether the protected trait—here, age, race, or gender—actually motivated the employer's decision. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S. Ct. 1701 (1993).

Defendant largely resists discovery on the basis that plaintiff has asserted a disparate treatment claim, as opposed to a disparate impact claim.  Disparate impact claims arise from "employment practices that are facially neutral in their treatment of different groups but that in fact

3

fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Bhd. of Teamsters*, 431 U.S. at 335–36 n.15; *Smith*, 351 F.3d at 186. However, alleging a disparate treatment claim instead of a disparate impact claim does not thereby make an employer's general practices or treatment of other employees irrelevant. *See Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1135 (5th Cir. 1983) ("The plaintiff may introduce in an individual disparate treatment case statistics evidencing an employer's pattern and practice of discriminatory conduct, which 'may be helpful to a determination of whether' the alleged discriminatory act against plaintiff 'conformed to a general pattern of discrimination against' members of a protected group.") (citation omitted). While proof of discriminatory intent is not necessary in a disparate impact claim, it is critical to the success of a plaintiff's discriminatory treatment claim. *Biggins*, 507 U.S. at 610. Plaintiff's need to prove discriminatory intent, thus, largely justifies many of her discovery requests, as discussed below.

With these threshold considerations in mind, the court will now address plaintiff's motion to compel and the specific interrogatory and production responses with which plaintiff takes issue.

1.    Interrogatory No. 2 asks defendant to identify persons by name, age, race, and gender who were transferred from one store to another, within Houston and the surrounding area, during the last five years of plaintiff's employment. Additionally, the interrogatory seeks the date of transfer, reason for transfer, whose decision it was to transfer the employee, and the transferred employee's monthly sales. Plaintiff asserts that this information is relevant in order to show that she was treated less favorably than those outside of her protected class. Mattress Firm maintains that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Mattress Firm operates 102 stores in the Houston area. Plaintiff has agreed to limit this request to include only transfers occurring within the districts managed by District Managers, Keith Gullo, Tera Starr, and Chris Brown, plaintiff's former supervisors. This agreement reduces the number of transfer requests by roughly one-fourth, as these three District Managers oversaw three of the four districts comprising the Houston area.

Mattress Firm further argues that the scope of this request is overly broad because it encompasses transfers that occurred more than 300 days before plaintiff filed her EEOC complaint, making them time-barred. While plaintiff may not be able to recover for any discriminatory acts that took place outside of the time limitations under Title VII or the ADEA, this is not a valid reason to deny plaintiff discovery on actions taken by Mattress Firm prior to this time. Numerous courts have held that information outside of the statute of limitations is relevant as background information to establish discrimination. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S. Ct. 1885 (1977) (holding that untimely charges may still constitute relevant background evidence in proceeding in which current practice is at issue); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 186 (5th Cir. 1999) ("Evidence concerning a claim that is not on trial because it exceeds the scope of the plaintiff's EEOC charge does not automatically lose its relevance or probative value to a claim that remains."); *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 199–200 (5th Cir. 1992) (same). Further, as discussed above, the general pattern and practice of an employer can be used to show discrimination in a disparate treatment case. Therefore, the court will not limit the discovery request on these two bases.

However, in order to be relevant to plaintiff's claims, she must show that the request involves individuals who are similarly situated to her. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245

F.3d 507, 514 (5th Cir. 2001) (An employee is considered "similarly situated" if he or she worked under "nearly identical" circumstances."); *Conboy v. Edward D. Jones & Co., L.P.*, 140 Fed. Appx. 510, 516 (5th Cir. 2005) (affirming district court's refusal to compel defendant's disclosure of all ADEA claims against employer when plaintiff's claim was limited to a refusal to hire claim); *Gillum v. ICF Emergency Mgmt. Services, L.L.C.*, 2009 WL 2136269 (M.D. La. 2009) (discussing and collecting cases wherein district courts limited discovery to those employees who were similarly situated to plaintiff). Plaintiff has not confined her requests to those who are or could be potentially similarly situated to her. Plaintiff was a manager and assistant manager during her employment with Mattress Firm. For any significant similarity to exist between plaintiff and other employees, the request should be limited to management personnel. Therefore, the court will only grant in part plaintiff's motion relating to this request. Mattress Firm is ordered to respond to Interrogatory No. 2 and provide information limited to transfers by Keith Gullo, Tera Starr, and Chris Brown of management personnel (managers and assistant managers) from January 1, 2007[1] to December 16, 2011.[2]

    2.      Interrogatory No. 3 requests information about plaintiff's replacements when she was transferred, demoted, or terminated. It is unnecessary for the court to consider this request because Mattress Firm had agreed to respond to this interrogatory. Therefore, plaintiff's motion as to this request is denied as moot.

---

[1] This date represents the time period in which Keith Gullo became plaintiff's District Manager. According to plaintiff, Gullo was the first Mattress Firm manager to discriminate against her.

[2] This date represents the date of plaintiff's termination from Mattress Firm.

3. Interrogatory No. 7 asks defendant to state the monthly sales for each store within the Houston area from January 1, 2008 through December 31, 2012. Defendant objects that this request is overly broad, seeks proprietary information, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this request seeks information prior to any of plaintiff's timely claims.

As the court noted above, information outside of the live claim time period is relevant as background information to establish discriminatory intent. This information is relevant to the extent it shows plaintiff was transferred to lower-performing stores and may lead to discoverable evidence regarding whether defendant had a practice of transferring similarly situated employees to lower-performing stores, which could be some evidence of discriminatory intent. The court does find, however, that the request is overly broad and will sustain, in part, defendant's objection. Defendant is required to respond to the interrogatory, limited only to monthly sales data for stores to which plaintiff was transferred or stores to which other managers or assistant managers referenced in Interrogatory No. 2 were transferred from January 1, 2007 to December 16, 2011. If defendant has any concerns regarding proprietary information, these concerns can be alleviated through an appropriate protective order.

4. Request for Production No. 39 seeks complete copies of personnel files of employees identified in response to interrogatories numbers 1 through 4 (i.e. transferred employees at all stores between 2006 to 2011, every employee replacing plaintiff, all of plaintiff's former supervisors, and all employees involved in the decision to demote or terminate plaintiff). Mattress Firm contends this encompasses several hundred employee personnel files, invades the personal privacy of individuals not a party to this lawsuit, is overly broad, and is not reasonably calculated to lead to the discovery

of admissible evidence. Plaintiff asserts that documents reflecting any reprimands, policy violations, warnings, and disciplinary actions taken against others are relevant in order for her to show that she was treated less favorably than others outside of her protected class.

The court agrees that the scope of the request is overbroad and is not limited to those employees who were similarly situated to plaintiff. The court further recognizes the privacy concerns regarding disclosure of personnel files given the sensitive nature of the personal information potentially contained within such files. However, personnel records are "often a vital part of a plaintiff's Title VII lawsuit and may be legitimate subjects of discovery." *Abrego v. Waste Mgmt. of Tex., Inc.*, 2012 WL 2402890, *1 (N.D. Tex. 2012) ("Courts consistently allow discovery of personnel files in light of the importance of establishing pretext in discrimination cases." (citations omitted)); *McDonald v. Exxonmobil Chem. Co.*, 2001 WL 34109381, *1 (S.D. Tex. 2001). In order to balance these competing interests, the court orders Mattress Firm to produce documents within the personnel files reflecting reprimands, policy violations, warnings, and disciplinary actions of transferred managers or assistant managers referenced in Interrogatory No. 2 from January 1, 2007 to December 16, 2011, as well as any reprimands, policy violations, warnings, and disciplinary actions of any employees replacing plaintiff. The court does not find that the personnel files of district managers and those employees involved in the decisions to terminate, demote, or transfer plaintiff will assist plaintiff in her effort to show that she was treated less favorably than similarly situated employees outside of her protected class.

Additionally, Mattress Firm's concerns about protecting employee privacy can be dealt with through a protective order limiting the use and disclosure of this information. *Riley v. Walgreen Co.*, 233 F.R.D. 496, 501 (S.D. Tex. 2005); *McDonald*, 2001 WL 34109381, at *1. The court will not

8

require Mattress Firm to disclose such information from personnel files until a protective order is in place.

     5.    Request for Production No. 29 requests all documents reflecting or relating to complaints and/or claims of discrimination, and/or Defendant's investigations in the last five years of any claim of discrimination. Mattress Firm objects that this request is overly broad as it seeks information relating to complaints of discrimination for the entire company. Further, Mattress Firm claims that the request seeks privileged information and personal information of individuals who are not parties to this suit. Consistent with the ruling in *Conboy*, the court finds that the scope of the request is overbroad and should be limited to only claims that would be relevant to plaintiff's claim. *Conboy*, 140 Fed. Appx. at 516-17. In *Conboy*, the Fifth Circuit affirmed the district court's ruling limiting the scope of plaintiff's discovery request for all ADEA claims ever brought against the corporation to only those ADEA claims alleging a refusal to hire claim. *Id.* at 516. Likewise, the court here will limit the request and order Mattress Firm to produce only those claims or complaints of discrimination and non-privileged investigations resulting therefrom to claims similar to those of plaintiff. Mattress Firm is ordered to produce claims or complaints of discrimination and investigations resulting therefrom, limited to complaints of age, gender, and/or age discrimination from managers or assistant managers employed in Houston area stores for the last five years.

     6.    Request for Production No. 19 requests documents concerning investigations of any complaints about plaintiff, if relevant to plaintiff's factual allegation or claims in this lawsuit and not otherwise privileged. It is unclear if defendant responded to this request, and it maintains that the request is vague and ambiguous. The court does not find that the request is vague or ambiguous. The plaintiff requests any documents concerning investigations of any complaints about plaintiff

relevant to this lawsuit. Plaintiff's full employment history with Mattress Firm is at issue in this lawsuit and relevant to the proof requirements of plaintiff. Therefore, Mattress Firm is ordered to produce, to the extent it has not already done so, any non-privileged documents regarding any investigations of any complaints made about plaintiff during her employment at Mattress Firm.

7. Request for Production No. 22 seeks "any and all written statements or declarations (signed or unsigned), made by any person, which mention, discuss or refer to plaintiff or the issues made the basis of this lawsuit." As written, the court agrees that the request is overly broad and fails to limit the request in time, scope, or subject matter. Mattress Firm's objection to this request is sustained.

8. Request for Production No. 42 requests documents related to defendant's net worth. The motion on this request is denied as moot because defendant agrees to provide such information prior to trial.

9. Requests for Production Nos. 1-12, 15-16, 18, 20, 23-24, 26-27, 35-36, and 41 -

Plaintiff asserts that it is unclear if Mattress Firm fully responded to these requests in light of its objections. Mattress Firm has represented that "no documents were being cloaked behind any of its objections, but each was made in good faith and intended to preserve proper objections to overly broad, vague and ambiguous requests." Dkt. 25, p. 17. Plaintiff has not demonstrated that Mattress Firm's responses or production in response to these requests for production are deficient or that there is anything to compel in this regard. Mattress Firm is entitled to preserve its objections and respond that, subject to its objections, it has produced all responsive documents. Until plaintiff identifies some basis for the court to find that all documents have not been produced relative to these

requests, the court will not speculate that all documents have not been produced based on Mattress Firm lodging valid objections. The motion to compel related to these requests in denied.

Finally, to the extent that Mattress Firm has withheld documents on the bases of attorney client and/or work product privilege, it must produce a privilege log pursuant to the Federal Rules of Civil Procedure within 14 days from the date of this order reflecting documents withheld based on privilege up to the date this lawsuit was filed.

## IV. CONCLUSION

For the reasons set out herein, the court finds that plaintiff's motion to compel (Dkt. 22) should be GRANTED in part and DENIED in part. The court's rulings are summarized as follows:

- Mattress Firm is required to respond, in part (as discussed *supra*), to plaintiff's Interrogatory Nos. 2, 7 (subject to a protective order) and plaintiff's Requests for Production Nos. 29, 39 (subject to a protective order).

- Mattress Firm is ordered to respond in full to plaintiff's Request for Production No. 19.

- The court denies plaintiff's motion to compel as it relates to Interrogatory Nos. 3 and 42 as moot.

- Plaintiff's motion to compel is denied as to plaintiff's Requests for Production Nos. 1-12, 15-16, 18, 20, 22-24, 26-27, 35-36, and 41.

- Mattress Firm is ordered to produce a privilege log for any documents withheld on the basis of privilege within 14 days of this Order.

11

- Mattress Firm is ordered to produce the documents discussed herein on or before April 28, 2014.

- Finally, plaintiff is ordered to respond to Mattress Firm's motion for summary judgment on or before May 12, 2014.

It is so ORDERED.

Signed at Houston, Texas on April 7, 2014.

_____
Gray H. Miller
United States District Judge